IN THE MATTER OF THE APPLICATION OF JOHN H. ANDERSON, GUARDIAN OF WILLIAM D. THOMPSON, an infant.

An appeal will not lie from an order of the Chancellor, refusing to order a special guardian appointed by him, to pay over the moneys derived from a sale of the minor's lands to the general guardian, in the mode authorized by the act of 1865, (*Pamph. Laws* 790); the power of the Chancellor in that respect being entirely discretionary.

*Mr. Vanatta*, for appellant.

*Mr. Wilson*, for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.    The appellant is the general guardian of William D. Thompson, an infant, whose lands have been sold by order of the Chancellor, in pursuance of the act entitled "An act relative to the sale and disposition of the real estates of infants," (*Nix. Dig.* 359.)    The moneys arising from this sale, at the time of the inception of these proceedings, were in the hands of the special guardian appointed in the Court of Chancery, and were invested in un-

questionable securities. In this posture of affairs, the appellant filed his petition in that court, seeking to have these funds transferred to him, as the general guardian of the minor, by force of the supplement to the act above referred to, approved April 5th, 1865, (*Pamph. L.* 790.) It is not denied that the appellant has conformed to all the requirements of this supplementary act, so as completely to qualify himself to be the legal custodian of the funds in question. The Chancellor, conceiving, apparently, that it was not for the interest of the infant to suffer these moneys to be removed from the supervision of a court of equity, refused to grant the application, and it is from this order that the present appeal has been taken.

Upon the argument before this court, on the part of the respondent, the point was raised whether the order thus drawn in question, is of a nature to which an appeal will lie.

As this objection touches the jurisdiction of this court, it becomes of course necessary to dispose of it, *in limine.*

The exception to the appellate power of this court in this case, proceeds on the assumption that, by the supplement of 1865, the appellant, upon a compliance with its provisions, did not entitle himself, as of right, to the fund in the Court of Chancery, but that the question of the retention of such fund in that court, or the transfer of it to him, was a matter confided by the legislature to the sound discretion of the Chancellor.

If this view of the authority of the Chancellor over the moneys in dispute be correct, there seems to be no doubt that the appeal in this case has been improvidently taken. An order or decree of the Court of Chancery, in a matter resting entirely in discretion, is not the proper subject of an appeal. The rule is much too well settled to justify the tedium of a superfluous argument in its support, but for the purpose of illustration of the extent of the doctrine, the following examples may be cited. Thus it has been held, that an appeal from a motion for a re-hearing will not lie. *Williamson* v. *Hyer,* 4 *Wend.* 172. Nor on a refusal to

vacate an order, that a bill be taken pro confesso. *Rowley* v. *Van Benthuysen*, 16 *Wend.* 382. Nor on the refusal of the court to remove an executor and appoint a receiver. *Rogers* v. *Hosack's ex'rs*, 18 *Wend.* 330. And the same principle was clearly admitted, and partly acted upon, in the cases of *Garr* v. *Hill*, 1 *Halst. Ch. R.* 641; and *The Attorney-General* v. *City of Paterson*, 1 *Stockt.* 625. The rule of law upon this branch being therefore free from all uncertainty or obscurity, the only question we are called upon to decide is, as to the proper construction of the statute which has been already mentioned—I allude to the act of 1865. This is a supplement to the act which authorizes a sale of the infant's lands by a special guardian, appointed by the Court of Chancery, and it provides that, after such sale has been made, and such special guardian has performed the duties required of him, one of which is to invest, under the control· of the court, the proceeds of the sale of such lands, to use the statutory language, "it shall be lawful for the Chancellor to make an order directing said guardian to pay the proceeds arising from the sale of said real estate, belong-ing to said infant, to the general guardian of said infant, if any such guardian has been appointed, upon the said general guardian giving bonds, &c." These are the terms in which is given the power to shift the funds from the hands of the special, to those of the general guardian; and the single problem is, do they confide a discretion to the Chancellor? It is not pretended that the words are mandatory; the intelligent counsel of the appellant would not press the argument to that excess; for it is obvious, in many cases it would be purely injurious to the interest of the infant, to remove the funds from the protection of the court. If, for example, the personal estate under the control of the general guardian were ample for all the purposes of maintenance and education, there would seem little propriety, under ordinary circumstances, in transferring to him the proceeds of the real estate which, for all the purposes of inheritance, are, by the statute, made to preserve the qualities which they

possessed, prior to their transformation into personalty. This extreme point, therefore, was not claimed; but it was insisted that the discretion given to the Chancellor was not an arbitrary one, but was judicial in its character, and its exercise, in consequence, was liable to review. The obvious answer to this suggestion is, that all discretion confided to a court is judicial, and not arbitrary; and that the discretion exercised in this case, being possessed of no peculiarity, must be regulated by the common rule. It seems to me, that upon any admissible construction of the statute, no rational doubt can remain. The statutory concession is, it shall be lawful for the Chancellor to make the transfer; that is, whenever, in the exercise of a circumspect judgment, in his opinion, the interest of the infant will be promoted by the change, authority is conferred to cause it to be made. I am at a loss to comprehend how any subject can be more simply a thing of discretion. Precedents, in coming to a determination, are not to be followed, and there is certainly no definite rule of law or equity which can be taken as a guide. Good sense and practical knowledge are alone to be consulted. If, at this time, this court should undertake to review the action of the court below in refusing the order in question, upon what principle could we proceed, except to decide the question involved according to the dictates of common sense; and this would be merely to substitute the discretion of this court for the discretion of the Chancellor.

My conclusion is, that the order in this case was a matter lying altogether in discretion, and is not, on that account, appealable.

Let the appeal be dismissed.

The appeal was dismissed by the following vote:

*For dismissal*—BEASLEY, C. J., BEDLE, CLEMENT, CORNELISON, DALRIMPLE, FORT, VAIL, VREDENBURGH, WOODHULL. 9.